UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARBARA ZAKRZEWSKA-NIKIPORCZYK, | § § § |
| Plaintiff, | § § CIVIL ACTION NO. H-05-2479 |
| VS. | § § |
| BANK OF AMERICA N.A., *et al.*, | § § |
| Defendants. | § § |

## MEMORANDUM AND ORDER

Pending before the Court in this truth-in-lending case is Plaintiff's motion for leave to file a Second Amended Complaint. Plaintiff seeks, *inter alia*, to include a new state law claim against Defendant Chase Bank USA, N.A. ("Chase"). Chase opposes the proposed amendment on the grounds that it was requested only one day before Chase's scheduled deposition of Plaintiff and a mere six months before the October 2006 trial date, and that the discovery deadline is now only one month distant. Chase also points out that Plaintiff's motion states that the proposed amendment is intended "to more narrowly address the claims and facts alleged, consistent with discovery and pre-summary judgment correspondence and conferences with opposing counsel." (*See* Pl.'s Mot. for Leave to File 2d Am. Compl. at 1 ¶ 1.1.) The motion does not, in other words, disclose the fact that the proposed amended pleading includes new claims. At the motion hearing, Plaintiff's counsel argued that the Court should grant leave to amend because the new claims are premised on the same facts as are the original claims and because Plaintiff's counsel has not been dilatory in pursuing the new claims.

1

The Federal Rules of Civil Procedure provide that "leave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Court may deny such leave, however, upon a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (internal quotation marks omitted). While the Court believes that Plaintiff's counsel has worked diligently and in good faith to prepare this case, it also finds that Plaintiff's delay of nearly a full year in raising the new claims will, if amendment is permitted, unduly prejudice Chase.[1] Accordingly, Plaintiff's motion for leave to file a Second Amended Complaint is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 25th day of May, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] The Court is aware of and sympathetic to the difficulties experienced by solo practitioners, of whom Plaintiff's counsel is one. The rules do not, however, allow for differential treatment of officers of the Court on the basis of the sizes of their respective firms.

2